

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-10-001-CR

FRED COTTON, JR.                                            APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The trial court revoked Appellant Fred Cotton, Jr.'s deferred adjudication community supervision, convicted him of aggravated sexual assault, and sentenced him to forty-five years' confinement. The trial court imposed the sentence on June 12, 2009. Appellant filed a timely motion for new trial, so

---

[1] *See* Tex. R. App. P. 47.4.

his notice of appeal was due September 10, 2009.[2] He did not file his notice of appeal until December 31, 2009; thus, it was untimely.

Accordingly, we informed Appellant by letter on January 6, 2010, that this appeal was subject to dismissal unless Appellant or any party showed grounds for continuing the appeal on or before January 19, 2010. Appellant did respond, but his response does not show grounds on which this court may rely for continuing his appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[3] The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.[4] Only the Texas Court of Criminal Appeals may grant Appellant an out-of-time appeal.[5]

---

[2]... *See* Tex. R. App. P. 26.2(a)(2) (providing that notice of appeal must be filed within ninety days of sentencing).

[3]... *Id.*

[4]... *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[5]... *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009); *Olivo*, 918 S.W.2d at 525 n.8; *Wright v. State*, No. 02-05-00076-CR, 2005 WL 1594367, at *1 n.2 (Tex. App.—Fort Worth July 7, 2005, no pet.) (mem. op., not designated for publication).

Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.[6]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 11, 2010

---

[6] *See* Tex. R. App. P. 26.2(a)(2), 43.2(f).

3